Requestor: Frederick H. Ahrens, Jr., Esq., County Attorney Steuben County 3 East Pulteney Square Bath, New York 14810
Written by: James D. Cole, Assistant Attorney General in Charge of opinions
You have asked whether a non-charter county, by passage of a local law subject to a mandatory referendum, may transfer the administration and operation of its jail from the sheriff to a county commissioner of corrections.
In our view, the transfer of jurisdiction over the jail is within the scope of a non-charter county's home rule authority. The issue inWestchester County Civil Service Employees' Ass'n., Inc. v Del Bello, (70 A.D.2d 604 [2d Dept], revd with Court of Appeals adopting rationale of Justice O'Connor's dissenting opn, 47 N.Y.2d 886 [1979]), was the validity of a Westchester County charter law enacted under Article IX, § 1(h) of the Constitution creating a new Department of Public Safety Services by merging the functions of the Westchester County sheriff and the parkway police. The charter law established the appointive position of commissioner/sheriff to head the department and the plaintiffs contended that the three-year term of office for sheriffs then established under Article XIII, § 13 of the Constitution could not be truncated by abolishing the office prior to its natural expiration date. Justice O'Connor found that it was the purpose of the county home rule amendment to change the nature of county government by placing decisions regarding organization and structure into the hands of the voters of the county (Del Bello, supra, p 606). Through an alternative form of government, i.e., county charter, the county could provide for appointment or election to, or abolition of any county office. Thus, underDel Bello, Article IX, § 1(h) of the Constitution, the county charter authority authorizes a county to abolish the office of sheriff.
It seems clear under Del Bello, that the position of sheriff is a local office, whose structure and functions can be controlled by a county using its home rule powers. While Del Bello involved the exercise of county charter powers, which with respect to function and structure of county government, are broader than general local law authority (Heimbach vMills, 67 A.D.2d 731, 732 [2d Dept 1974]), we believe that a non-charter county, using its local law authority, may transfer the administration and operation of its jail from the sheriff to a county commissioner of corrections.
Local governments, including counties, are authorized to adopt and amend local laws not inconsistent with the provisions of the Constitution or with any general law relating to their property, affairs or government and in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation and other terms and conditions of employment of their officers and employees (Municipal Home Rule Law, §§ 10 [1][i], [ii][a][1]). In our view, a charter or a non-charter county is authorized under these provisions to transfer responsibility for administration and operation of its jail. It seems clear, under Del Bello, that such matters are local, rather than State, concerns.
Under section 10 of the Municipal Home Rule Law, however, local laws must be consistent with the Constitution and general State laws. The Constitution provides that sheriffs are to be chosen by the electors of each county once in every three years and when required to fill vacancies (Art XIII, § 13[a]). The Constitution does not establish the responsibility of the sheriff for the administration and operation of jails. That responsibility is conferred on sheriffs by section 500-c of the Correction Law which provides that
 "[e]ach sheriff, except the sheriff of the city of New York, the sheriff of the county of Westchester and the sheriff of the county of Monroe, shall have custody of the county jails and shall receive and safe keep, in the county jail of his county, every person lawfully committed. . .".
Under the home rule definition, a "general law" is a State statute which in terms and in effect applies alike to all counties, all counties other than those included within a city, all cities, all towns or all villages (Municipal Home Rule Law, § 2[5]). The exceptions established under section 500-c of the Correction Law for the sheriffs of the City of New York, the County of Westchester and the County of Monroe transformed section 500-c into a special law rather than a general law for home rule purposes (see Town of Smithtown v Howell, 31 N.Y.2d 365
[1972]). Since local laws need only be consistent with general State laws, a charter or a non-charter county may enact a local law transferring responsibility for the administration and operation of its jail from the sheriff to the county commissioner of corrections. Such action is within the scope of a county's home rule authority and need not be consistent with section 500-c of the Correction Law.
Such a local law, however, is subject to a mandatory referendum in that it would transfer the power of an elected officer (Municipal Home Rule Law, § 23[2][f]).
We conclude that a charter or a non-charter county, by local law subject to a mandatory referendum, may transfer responsibility for administration and operation of its jail from the sheriff to a county commissioner of corrections.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.